IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| LORI ZACHMANN, | ) | No. 10 B 32410 |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

**MEMORANDUM OPINION**

Richard Zachmann, the husband of Lori Zachmann, the debtor in this chapter 7 bankruptcy case, has moved to lift the stay so he can take control of property awarded to him in a state court divorce proceeding. The primary issue presented is whether a post-petition equitable distribution of property by a divorce court in Illinois should be treated as a claim with all other claims in the bankruptcy case or whether the property awarded to the non-debtor spouse is not property of the estate. Because the Illinois Marriage and Dissolution Act gives both spouses a species of common ownership in all marital property that vests at the time the divorce petition is filed, Richard is entitled to the property awarded to him by the divorce court in the order equitably distributing the property. The stock is not property of Lori's bankruptcy estate. The motion to lift stay will therefore be granted.

**I.   Background**

Lori Zachmann ("Lori") filed this chapter 7 bankruptcy case in 2010 when she was in the midst of a bitter divorce battle in state court with Richard Zachmann ("Richard"), her husband. She also caused a company whose stock was held in her name, Life Associates, Inc., to file a

bankruptcy petition under Chapter 11.  Charles Myler was appointed as the trustee in her individual bankruptcy case.

Soon after Lori filed her bankruptcy petition, Richard filed a motion to lift the automatic stay to allow the divorce proceeding to go forward.  Judge Barbosa, the judge previously assigned to this case, entered an order lifting the stay that provided, in relevant part, as follows:

> 2. The automatic stay is modified to permit the State Court presiding over the Dissolution Action to conduct the Dissolution Trial, on September 13, 2010 or on any other date as the State Court may order.
>
> 3. The automatic stay is modified to permit the State Court to classify assets as marital or non-marital property, and adjust Richard and Lori's rights in marital property accordingly and for all other purposes under the Dissolution Act, except for those actions that may adversely impact this Court's administration of property of the Debtor's estate, including any distribution thereof or the appointment of any receiver or other custodian.

The divorce proceeding went forward, the trustee intervened, and the state court held a thirteen-day trial in which the trustee participated.  In May 2012, the state court issued a Judgment of Dissolution of Marriage in which it divided the marital property between the spouses.  The court awarded 100% of the stock of Life Associates to Richard.

Richard then filed the motion to lift stay now before the court, in which he requested that the court lift the stay so that he can exercise his voting rights as sole shareholder of Life Associates to change the management of Life Associates, presumably to oust Lori from control of the company.  Lori, the trustee, and Life Associates objected, all contending that the result of the state court award was simply that Richard held a claim against the estate for the value of the stock.  Richard replied that he was given full ownership of the stock by the state court, not a mere claim to the value of the stock.

Judge Barbosa heard oral argument on the motion in October 2012 and issued an oral ruling on November 1, 2012. He was prepared to lift the stay to allow Richard to take control of the corporation unless the trustee intended to file an adversary challenging the award of the divorce as a fraudulent transfer or on other grounds. The trustee requested two weeks to consider whether he would file such an adversary. Eventually the trustee did file an adversary challenging the divorce court ruling. It alleges that the state court order is void because it exceeded the state court's authority in the stay lift order by making an actual distribution of property to Lori and Richard in violation of the limitation in the stay lift order. It also alleges that the "transfer" of property to Richard by the state court should be avoided as a fraudulent transfer under 11 U.S.C. § 548(a)(1)(B).

Soon after the trustee filed that adversary, Judge Barbosa retired and the undersigned judge was assigned to this case. In the meantime, Richard filed a motion to dismiss the adversary, which has been fully briefed. Both the motion to lift stay and the motion to dismiss the adversary are before the court. The motion to dismiss the adversary proceeding was granted in a separate ruling on March 21, 2013. The court will now grant the motion to lift stay for the reasons Judge Barbosa gave in open court on November 1, 2012, the reasons given by the undersigned in court on March 21, 2013, as well as the reasons set forth below.

## II.    Species of Common Ownership in Bankruptcy

The treatment in bankruptcy of property awarded in a proceeding to equitably distribute marital property depends largely on the law of the state under which the marital property is divided. *Ford v. Skorich (In re Skorich)*, 482 F.3d 21, 24-25 (1st Cir. 2007). In many states, any

award of marital property does not vest until the state court enters an order equitably distributing the property. *See, e.g.*, *In re Palmer*, 78 B.R. 402, 404 (Bankr. E.D.N.Y. 1987).  Under Illinois law, however, each spouse gets a vested property interest in all marital property, no matter which spouse holds legal title to the property, that vests when the divorce petition is filed.  Section 503(e) of the Illinois Marriage and Dissolution Act provides that "[e]ach spouse has a species of common ownership in the marital property which vests at the time dissolution proceedings are commenced and continues only during the pendency of the action." 750 ILCS 5/503(e).  This contingent interest ripens into a full ownership interest for any property distributed to such spouse when the divorce court or the bankruptcy court enters an order of equitable distribution or final judgment.  *In re Skorich*, 482 F.3d at 24-25; *Voliand v. Kimmell (In re Kimmell)*, 480 B.R. 876, 886-87 (Bankr. N.D. Ill. 2012) (Barbosa, J.); *In re Dzielak*, 435 B.R. 538, 547 (Bankr. N.D. Ill 2010) (Barbosa, J.).

While § 541(a) provides that property of the bankruptcy estate includes all interests held by the debtor at the commencement of the case, § 541(d) also provides that if the debtor holds only a legal interest and not an equitable interest in the property, the equitable interest belonging to a non-debtor does not become property of the estate.  11 U.S.C. § 541(a), (d).  When a divorce petition is filed before either spouse files for bankruptcy in a state like Illinois, the non-debtor spouse has a pre-petition vested equitable interest in all marital property.  The bankruptcy estate therefore holds only the debtor-spouse's contingent interest in marital property.  Once the divorce court or the bankruptcy court makes an equitable distribution of marital property, the contingent interest ripens into a full ownership interest.  As the *Skorich* court noted, at that point, the estate's interest "vanishes." 482 F.3d at 24 ("The trustee inherited the debtor's contingent

-4-

equitable interests but that contingency never matured; instead the contingency vanished when (after the lifting of the automatic stay) the Family Court awarded all of the [property at issue] to Skorich."); *see also Szyszko v. Szyszko*, No. 01 C 2417, 2001 U.S. Dist Lexis 9527 (N.D. Ill. 2001); *Roberge v. Roberge (In re Roberge)*, 188 B.R. 366 (E.D.Va. 1995); *In re Dzielak*, 435 B.R. 538 (Bankr. N.D. Ill 2010) (Barbosa, J.); *Coffey v. Coffey (In re Coffey)*, 348 B.R. 775 (Bankr. E.D. Tenn. 2006); *Bigelow v. Brown (In re Brown)*, 168 B.R. 331 (Bankr. N.D. Ill. 1994); *In re Richardson*, 75 B.R. 601 (Bankr. C.D. Ill. 1987).

Bankruptcy courts usually defer to state courts in divorce matters, lifting the stay to permit the state court to equitably distribute marital property according to state law. By deferring to a state divorce court, a bankruptcy court in effect permits the state court to determine what is property of the estate in states in which marital property vests in both spouses upon the filing of the divorce petition. *See White v. White (In re White)*, 851 F.2d 170, 174 (6th Cir. 1988).

In this case, Judge Barbosa lifted the stay to permit the state court to equitably distribute marital property. The state court has done so and has thus determined the extent of property of the bankruptcy estate with respect to marital property. The state court award has the effect of determining that the stock is not property of Lori's bankruptcy estate.

The trustee and Lori contend that the divorce decree awarding Richard the stock merely gives him a claim against the bankruptcy estate for the value of the stock. Once marital property has been divided, however, the non-debtor spouse does not hold a mere "claim" against the bankruptcy estate like all pre-petition creditors of the debtor. Instead, that spouse is the owner of the property in question, which is deemed not to be property of the estate. *See Skorich*, 482 F.3d

at 24-27. A "claim" is defined in § 101(5) as a right to payment or the right to an equitable remedy for breach of performance if such breach gives rise to a right to payment. When a divorce court awards specific property to the non-debtor spouse, that award does not fall within the definition of a "claim" in § 101(5). *Skorich*, 482 F.3d at 25-27. As the *Skorich* court held in similar circumstances, the divorce court did *not* award the non-debtor spouse a right to payment in lieu of an equitable division of property instead, the divorce court matured Skorich's equitable interest in the marital property." *Id*. at 26. In this case, the state court awarded the stock to Richard, not the value of the stock. He has a right to the stock itself, not a mere right to be paid the value of the stock as a claim against the bankruptcy estate.

### III.     Conclusion

Richard's pre-petition species of common ownership has matured into full ownership, removing the stock from property of Lori's bankruptcy estate. Judge Barbosa concluded last November that there was no reason not to lift the stay to permit the distribution of the property in accordance with the divorce decree unless the trustee had a viable basis for attacking the decree in an adversary. Because this court has also granted Richard's motion to dismiss the adversary proceeding for failure to state a claim, the stay will be lifted to permit Richard to exercise his voting rights under the stock.

The court announced this ruling in court on March 21, 2013 and asked the parties if there was any reason not to expand the scope of the relief sought to permit the entire distribution of marital property in the divorce court judgment to be effectuated. All parties agreed that such an expansion of the proposed order would be appropriate. The court will therefore enter an order

lifting the stay to allow Richard to exercise his voting rights regarding the stock as well as to effectuate all of the awards of marital property made by the divorce court.

Dated:    March 25, 2013

ENTERED:

_____
Carol A. Doyle
United States Bankruptcy Judge